IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeremy Allen Hewitt,<br><br>      Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections;<br>Ms. Huggins;<br>Mr. Cothran;<br>Mr. Knowlin;<br>Ms. Green;<br>Ms. Garrett;<br>Ms. Scales;<br>Ms. Bennett;<br>Ms. Sharp; and<br>Nurse Joe Altman,<br><br>      Defendants. | C/A No.: 0:09-1517-JMC-PJG<br><br>**REPORT AND<br>RECOMMENDATION** |

Plaintiff Jeremy Allen Hewitt, a self-represented former state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**BACKGROUND**

On July 29, 2009, the plaintiff filed a motion to amend his complaint to add, *inter alia*, "Ms. Bennett." (ECF No. 9.) On August 14, 2009, the assigned United States District Judge granted plaintiff's motion to amend his complaint, since he was entitled to do so under Federal Rule of Civil Procedure 15, as no responsive pleading had been filed. (ECF No. 13.) On October 5, 2009, the plaintiff filed his amended complaint against the new defendants, including "Ms. Bennett, nurse." (ECF No. 19.) On November 16, 2009, the

undersigned authorized service of process upon the new defendants and summonses were issued. (ECF No. 29.) On February 1, 2010, the plaintiff filed another motion to amend his complaint in order to "more clearly" identify the named defendants, although no additional information was provided for defendant Bennett. (ECF No. 56.) On April 15, 2010, the undersigned granted this motion. (ECF No. 70.) On March 29, 2010, the summons for defendant Bennett was returned by the U.S. Marshal's service to the Clerk of Court unexecuted. (ECF No. 62.) In the remarks section of the Form USM-285, it was noted that "SCDC cannot accept - have no forwarding info. 12-07-09 [SCDC personnel] confirmed that there is no Ms. Bennett that works or has worked at . . . Turbeville as a nurse. 1-21-10." On May 3, 2010, the plaintiff filed another motion to amend asking to edit the docket to reflect that "Nurse Bennett" should be "Nurse Benton." (ECF No. 77.) Plaintiff also sought to add two additional parties. In an order entered July 30, 2010, the undersigned granted, in part, plaintiff's motion to amend to the extent he was seeking to more precisely identify defendant Bennett/Benton. (ECF No. 92.)

In an order entered on August 11, 2010, the plaintiff was directed to provide service documents for defendant Bennett/Benton. (ECF No. 97.) Plaintiff was specifically told that the court was permitting him ***twenty-one (21) days*** from the date the order was entered (plus three days for mail time) to complete a summons and a Form USM-285 for defendant Bennett/Benton so that process could be issued for this defendant. The plaintiff was warned in an order of this court (ECF No. 29), pursuant to Federal Rule of Civil Procedure 4(m), that unless a defendant was served within 120 days after the complaint was filed, the court could dismiss this action without prejudice as it applied to the unserved defendant. The plaintiff has failed to provide the Court with the necessary documents and his time to

PJG

do so has expired. Additionally, more than 120 days have passed since the plaintiff filed his amended complaint on October 5, 2009.

## RECOMMENDATION

Accordingly, the court recommends that defendant Bennett/Benton be dismissed, without prejudice, as a party to this action pursuant to FRCP 4(m).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 14, 2010
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).